## James S. Wiggin *vs*. Bradley N. Cumings.

A member of a firm which consists of more than two persons is liable to his partners jointly for a sum which, upon settlement, he is found to have withdrawn from the joint funds in excess of his share; and one of them cannot maintain an action therefor in his own name alone, although he has an assignment of all the right and interest of his associates in the assets of the firm.

Contract brought by one member of a firm against his partner to recover a balance due from the defendant to the firm.

An auditor to whom the case was referred found that the plaintiff, the defendant, and one Robinson composed the firm, which was dissolved in October 1859; and that in January 1860 the defendant and Robinson assigned to the plaintiff all their right and interest in the partnership assets. The plaintiff als

offered to prove to the auditor that at the time of the dissolution the defendant was a debtor to the firm in a large sum of money which he had withdrawn from the common fund; and that before the commencement of this action all the debts due from the firm, and all the debts due to them except the present one had been paid. By agreement of parties, the auditor, being of opinion that the action could not be maintained upon the facts proved and offered to be proved, reported the facts to this court; and the case was reserved by *Merrick*, J. for the determination of the whole court.

*C. B. Goodrich, D. Peabody & A. J. Robinson*, for the plaintiff, cited *Sikes* v. *Work*, 6 Gray, 433; *Dickinson* v. *Granger*, 18 Pick. 317; *Brinley* v. *Kupfer*, 6 Pick. 179; *Fanning* v. *Chadwick*, 3 Pick. 420; *Wilby* v. *Phinney*, 15 Mass. 121; *Bond* v. *Hays*, 12 Mass. 34.

*G. A. Somerby*, for the defendant.

BIGELOW, C. J. There is a nonjoinder of a plaintiff in this action, which is a good defence in bar. The indebtment of one copartner for an excess of money withdrawn by him over and above his share or proportion of the joint funds is due to the other copartners jointly, where the firm consists of more than two persons, and not to them or either of them severally. The money, in such case, is taken from a joint fund which belonged to the other copartners, and the promise which the law implies in such case is a joint promise to the owners of the fund. No doubt, according to the well settled doctrine in this commonwealth, if all the debts and liabilities of a firm are paid, and its affairs are finally closed and settled, an action may be maintained by one or more copartners to recover a balance which may be due from another copartner for money or property withdrawn by him in excess of his proportion of the joint assets. The partnership transactions, under such a state of facts, have resulted in a debt, to recover which a suit at law is an adequate and complete remedy. But the action can be maintained only in the names of those to whom such debt is due. If the firm has consisted of three, and one of them on a final settlement is found indebted for an excess of joint funds withdrawn by him

the debt is due to the two other copartners jointly; and they can recover it in a suit at law only by an action in their joint names. Nor is it at all material that one of these two has assigned to the other his share or proportion of the amount due from the third copartner. It is but the assignment of a chose in action, and, unless an express promise by the third copartner to pay the whole amount to the assignee is proved, the action to recover it must be in the name of the assignor as well as of the assignee. The assignment gives the right to use the assignor's name in bringing the suit, but it does not sever the promise or authorize the assignee to sue in his own name only.

*Judgment for the defendant.*